# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BONNIE COLE, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| v. | ) |
| | ) **JURY TRIAL REQUESTED** |
| COBB COUNTY SCHOOL DISTRICT and CHRIS RAGSDALE, Individually and in his capacity as Superintendent of COBB COUNTY SCHOOL DISTRICT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Bonnie Cole ("Plaintiff" or "Ms. Cole") files this Complaint against Defendant, Cobb County School District ("CCSD") and Chris Ragsdale ("Mr. Ragsdale") (collectively, "Defendants") for violations of the Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the First Amendment to the United States Constitution as enforced through 42 U.S.C. §1983.

## Jurisdiction and Venue

1. This suit is brought under the First Amendment to the United States Constitution as enforced through 42 U.S.C. §1983, and under Title VII of the Civil

Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff Bonnie Cole's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3) because the parties reside and/or conduct business within this district, and the unlawful employment practices giving rise to the claims occurred in this District.

3. Plaintiff satisfied all administrative prerequisites to institute this action under Title VII. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and she received the notice of right to sue within the last 90 days.

4. Plaintiff seeks lost economic benefits of employment, compensatory and punitive damages, injunctive, declaratory and equitable relief, her reasonable attorney's fees and costs of litigation, and any other relief that this Court deems just.

## **The Parties**

5. Ms. Cole resides in Acworth, Georgia and subjects herself to this Court's jurisdiction.

6.     At all times relevant to this action, Ms. Cole was employed by Defendant and was an "employee" as defined by Title VII.

7.     Defendant CCSD is a county government agency organized under the laws of the state of Georgia and is subject to actions of this kind.

8.     Defendant is a covered employer under Title VII, as it employs more than 15 people.

9.     Defendant CCSD may be served with process by serving Chris Ragsdale at 514 Glover Street, Marietta, Georgia 30060.

10.    Defendant Chris Ragsdale was, at all times relevant to this action, an employee of CCSD.  He may be served with process at 514 Glover Street, Marietta, Georgia 30060.

## Statement of Facts

11.    Ms. Cole began working for the Cobb County School District in 1998 as a teacher at Vaughan Elementary in Cobb County.

12.    In 2004She became Assistant Administrator of Bullard Elementary School ("Bullard").

13.    In 2006, she became the Assistant Principal of Bullard.

14.    Ms. Cole has consistently received excellent evaluations and annual pay increases, and had never been sanctioned or had any form of discipline.

15. Ms. Cole is a practicing Christian.

16. During the 2014-2015 school year, Ms. Cole and several other teachers began to implement breathing and stretching exercises based on yoga and meditation in classrooms as a way of reducing stress and encouraging relaxation among Bullard's teachers and students.

17. Although these simple exercises incorporated yoga methods, these techniques are not religious or based in religion.

18. The mindfulness practices she introduced are well-established techniques to promote general well-being, facilitate education, and reduce disruptive behaviors.

19. The school newsletter sent to parents in February 2016, stated that these practices included "piping music through the hallways," "decorating and painting," "yoga sequences," and "mindful quiet time."

20. With teacher input, Ms. Cole and others decorated a faculty room with soft lighting, fountains, and peaceful music, and designated it as a place where faculty could "take a few deep breaths, color *mandalas*,[1] or play with kinetic sand" in an effort to relax in a quiet environment.

---

[1] A mandala is a geometric, circular figure representing the universe. Although originally a Buddhist and Hindu symbol, its meaning has expanded and the

21. None of these practices promoted a religion or even a specific set of beliefs; they were simply attempts to provide teachers and students a much-needed opportunity to pause and reflect during the hectic activities of the day.

22. Many similar programs have been introduced elsewhere in CCSD, including the Department of Physical Education and the County Counseling Department.

23. After implementing these practices, Bullard witnessed a 33% decrease in disruptive behaviors and policy violations.

24. The 33% decrease was based on data taken from CSIS for the time period of November 2, 2015 through March 4, 2016 and was reported to Defendant CCSD. (*See* Attachment A.)

25. In July 2015, Plaintiff became a licensed practitioner of Reiki, a Japanese stress-reduction technique, and opened a side business offering Reiki services to the public.

26. This side business did not overlap with Plaintiff's duties as an Assistant Principal and she did not perform Reiki or promote her practice at the school.

---

mandala has been embraced by many faiths, including Christianity, as well as by secular disciplines such as psychology.

27. During the 2015-2016 school year, some parents who attend church with Defendant Ragsdale and the Chair of Defendant CCSD's Board, Randy Scamihorn, began to make religiously based complaints about Ms. Cole's use of the mindfulness practices at Bullard.

28. On February 29, 2016 CCSD received an anonymous letter about these complaints; other copies were sent to five members of the CCSD Board.

29. A number of the parents became increasingly hostile and aggressive, inundating CCSD with emails stating that Ms. Cole was, among other things, a Buddhist, trying to indoctrinate their children with Buddhism, and many other wild and false accusations.

30. Plaintiff was accused of leading chants in hallways, placing stones on children in an effort to "heal" them, forcing children to color mandalas "green for Buddha," and requiring children to bow to her in hallways. These accusations were false.

31. Investigations by CCSD failed to substantiate these allegations, which Plaintiff has strenuously denied.

32. Another accusation was that Ms. Cole read the book "Peaceful Piggy Meditation" in an attempt to indoctrinate children into "Buddhism" (when in fact

the book – by a Jewish author – does not espouse any particular religion, but merely describes the practice of meditation).

33. On March 16, 2016, on the grounds of Bullard Elementary, several parents held a prayer rally "for Jesus to rid the school of Buddhism" and the next day, two women stood outside Ms. Cole's office with their hands on her windows, praying.

34. Some community members posted selectively-chosen and out-of-context passages from Ms. Cole's personal business website in an apparent effort to attack her "evil practices," forcing her to take the web page down.

35. Defendants became aware that this controversy attracted national attention from the media, including the Washington Post.

36. Initially, several members of the CCSD administration voiced support for Ms. Cole and assured her that the situation was "not her fault" and that she would not be moved.

37. The principal of Bullard Elementary, Patrice Moore, held a meeting On March 17, 2016 which was open to all parents, to explain mindfulness and answer questions.

38. Following the meeting, an attendee sent emails to the Board and the Human Resources Department for CCSD, summarizing his concerns and stating

that he could not see how the school community could heal if Plaintiff is allowed to stay in her job.

39. During this same time frame, members of the CCSD Board, including Defendant Ragsdale, were also receiving numerous emails of support from parents, teachers, a school psychologist, speech-language pathologists and special educators, praising both Plaintiff, her work, and the practice of mindfulness and yoga as showing positive results with the students.

40. Also during this time frame, emails containing Christian-based Daily Scripture Devotionals were being sent to all staff.

41. CCSD and Defendant Ragsdale knew about these emails, but did not put an end to this practice.

42. Many of the same parents who complained of Plaintiff's purported religious practice lead a weekly Christian prayer meeting as part of PTSA after school programs, which were free to students.

43. In March 2016, CCSD halted all mindfulness practices at Bullard and issued a statement to that effect.

44. In that statement, CCSD did not state that the practices were in fact secular, nor did the district defend Ms. Cole against the false accusations.

45. Ms. Cole asked members of CCSD District Leadership, including John Adams and Grant Rivera, to support her in defending against the false allegations against her, and stated that she was being discriminated against based on community members' beliefs about her religion.

46. On March 24, 2016, the Board capitulated to the complaining parents' demands and voted to move Ms. Cole to another school 16 miles further from her home.

47. Plaintiff was moved to Mableton Elementary which has added an hour to her daily commute.

48. Bullard Elementary is a higher performing school than Mableton Elementary and offers more academics, sports, and extra-curricular activities than Mableton Elementary.

49. Not only was the capitulation and transfer a humiliating and public demonstration of the District's lack of support of Ms. Cole, it made clear to the community that religious activities will be allowed as long as they are part of the "accepted" religion of Christianity as understood and practiced by members of the CCSD Board of Education and Defendant Ragsdale.

## Count I
## Reverse Religious Discrimination in Violation of Title VII

50. Ms. Cole incorporates by reference the preceding paragraphs of the Complaint as if fully restated herein.

51. Ms. Cole is qualified to perform her job as an Assistant Principal with the Cobb County School District.

52. Ms. Cole was subjected to an adverse employment action in the form of transfer to a different and lower-performing school many miles away from her community.

53. Ms. Cole was subjected to this treatment because of false allegations that she held "unacceptable" religious beliefs, including Buddhism, and because her Yoga and Reiki practices were considered offensive to the religious faiths of CCSD board members, including Defendant Scamihorn.

54. The above-pled discriminatory conduct toward Ms. Cole constitutes unlawful reverse religious discrimination against Plaintiff in violation of Title VII.

55. Defendant undertook unlawful conduct intentionally and maliciously with respect to Ms. Cole and her federally protected rights, entitling Ms. Cole to recover punitive damages against Defendant.

56. Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Ms. Cole and her federally protected rights, entitling Ms. Cole to recover punitive damages against Defendant.

57. As a direct and proximate result of the Defendant's actions, Ms. Cole has suffered damages including emotional distress, inconvenience, loss of income and benefits, loss of advancement opportunities, humiliation, and other indignities.

58. Ms. Cole is entitled to economic damages, compensatory damages, punitive damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II
## Retaliation in Violation of Title VII

59. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

60. Defendant subjected Plaintiff to discrete acts of retaliation in violation of Title VII, by, among other things:

    a. Declining to provide institutional support to Plaintiff against wild and baseless accusations made by a small group of parents who believed mindfulness and yoga were in contradiction to their Christian beliefs;

    b.    Disciplining Plaintiff by transferring her to a lower rated school further from her home without cause after she attempted to defend the mindfulness program;

    c.    Depriving Plaintiff of advancement opportunities, and

    d.    Basing the transfer of Plaintiff on a desire to avoid further publicity.

61. Defendant willfully and wantonly disregarded the rights of Plaintiff and Defendants' retaliation against Plaintiff was undertaken in bad faith.

62. As a result of Defendants' retaliatory conduct, Plaintiff has suffered lost wages and other benefits of employment, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

63. Plaintiff is entitled to economic and compensatory damages, reasonable attorney's fees and costs of litigation, and all other relief recoverable under Title VII and the statutes providing for relief for violations of Title VII.

## Count III
## First Amendment – Free Exercise

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

65. The Free Exercise Clause of the First Amendment to the U.S. Constitution provides that "Congress shall make no law…prohibiting the free exercise" of religion.

66. By punishing Ms. Cole for not conforming to an accepted or predominant standard of religious belief and practice, Defendants violated the Free Exercise Clause of the U.S. Constitution.

67. By transferring Ms. Cole due to the perception that she was "Buddhist" and allegedly engaging in "Buddhist" practices, Defendants violated the Free Exercise Clause of the U.S. Constitution.

68. Defendant willfully and wantonly disregarded the rights of Plaintiff and Defendants' discrimination against Plaintiff was undertaken in bad faith.

69. As a result of Defendants' discriminatory conduct, Plaintiff has suffered economic damages, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

70. Plaintiff is entitled to damages including but not limited to, back pay and lost benefits, compensatory damages, equitable relief, attorney's fees, costs of litigation, and all other relief recoverable under the law.

## Count IV

### First Amendment – Establishment Clause

71. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

72.    The Establishment Clause of the First Amendment to the U.S. Constitution provides that "Congress shall make no law respecting an establishment of religion..."

73.    By failing to remain neutral and adopting the religious perspective of a particular group of parents who complained that Ms. Cole's yoga and reiki practices did not conform to their Christian religious beliefs, and then acting on those perceptions to the detriment of Ms. Cole, Defendants engaged in the "de facto" establishment of those parents' beliefs.

74.    Further, by allowing Christian practices to take place on school grounds, including educators' use of CCSD' computers to spread certain "acceptable" Christian devotional materials, while not allowing Ms. Cole the same opportunities with regard to her secular yoga and mindfulness program, Defendants engaged in the establishment of religion.

75.    Defendant willfully and wantonly disregarded the rights of Plaintiff and Defendants' discrimination against Plaintiff was undertaken in bad faith.

76.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered economic damages, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

77. Plaintiff is entitled to damages including but not limited to, back pay and lost benefits, compensatory damages, equitable relief, attorney's fees, costs of litigation, and all other relief recoverable under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

A. A declaratory judgment that Defendants violated Title VII;

B. A declaratory judgment that Defendants violated the Free Exercise clause of the First Amendment to the U.S. Constitution;

C. A declaratory judgment that Defendants violated the Establishment clause of the First Amendment to the U.S. Constitution;

D. Damages equal to the amount of time and expense suffered by Plaintiff due to the unlawful discrimination and retaliation perpetrated by Defendants, with prejudgment interest;

E. Compensatory damages, in an amount to be determined by a jury for Plaintiff's emotional distress, loss of professional reputation, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

F.  Punitive damages in an amount to be determined by a jury to punish Defendants for its conduct toward Plaintiff sufficient to deter Defendants from similar conduct in the future;

G.  Reasonable attorneys' fees and costs pursuant to Title VII;

H.  A trial by jury on all issues triable to a jury; and

I.  Such additional relief as the Court deems proper and just.

This 18th day of April, 2017.

                                       Respectfully submitted,

                                       <u>s/ Edward D. Buckley</u>
                                       Edward D. Buckley
                                       Georgia Bar No. 092750
                                       edbuckley@buckleybeal.com
                                       T. Brian Green
                                       Georgia Bar No. 801098
                                       bsutherland@buckleybeal.com

BUCKLEY BEAL, LLP
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

*Attorneys for Plaintiff*